JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00268-JVS-ADS | Date | March 27, 2026 |
| Title | Marc Aarons v. Ashley Aarons et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:    **[IN CHAMBERS] Order Regarding Plaintiff's Motion to Remand [8]**

Before the Court is Petitioner Marc Aarons's ("Marc") Motion to Remand the case to Orange County Superior Court. (Mot., Dkt. No. 8.) Interested Party Ashley Aarons and Proposed Conservatee Julius Aarons (collectively, "Removing Parties") oppose.[1] (Opp'n, Dkt. No. 9.) Marc replied. (Reply, Dkt. No. 10.)

For the following reasons, the Court **GRANTS** the Motion to Remand and **ORDERS** this case be remanded to Orange County Superior Court.

Removing Parties also filed an ex parte application to extend the hearing date on this matter. (Dkt. No. 11.) Marc opposed. (Dkt. No. 12.) In light of this Order vacating the hearing, that application is **DENIED** as moot.

### I. BACKGROUND

This is a conservator case involving Julius Aarons ("Julius"). According to

---

[1] Strictly speaking, Removing Parties did not oppose this Motion. Instead, they filed a "First Amended Notice of Removal" that responded to many of the arguments in Marc's Motion and specified different grounds for removal. (See generally Dkt. No. 9.) Because Removing Parties are pro se, the Court chooses to construe their Amended Notice of Removal as an opposition so that it can avoid deeming Marc' Motion unopposed and evaluate this issue on the merits. However, the Court encourages Removing Parties to review the Local Rules of the Central District of California to guide any future federal court filings.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00268-JVS-ADS | Date | March 27, 2026 |
| Title | Marc Aarons v. Ashley Aarons et al | | |

Defendants, Julius is a 91-year-old widower and resident of Orange County who is cared for by his daughter Ashley Aarons ("Ashley"). (Opp'n at 12.) On September 23, 2025, Julius's son Marc instituted the underlying action seeking the "Appointment of a Probate Conservator for the Person and Estate of[] Julius Aarons" in Orange County Superior Court ("Superior Court"). (Declaration of Fred G. Muscarella ["Muscarella Decl."] ¶ 3.) The corresponding Superior Court case number is 30-2026-01513799-PR-CP-CMC. (Id.) On October 8, 2025, the Superior Court appointed "Public Defender" as counsel for Julius in this matter. (Id., Ex. 2.) Pursuant to this appointment, attorney Robyn Butler ("Butler") assumed the role of Julius's counsel. (Id., Ex. 3.) On December 8, 2025, Marc's counsel served a "Notice of Hearing of Petition for Appointment of Probate Conservator of the Person and Estate of Julius Aarons" upon Ashley and Julius. (Id. ¶ 11.) On December 22, 2025, Marc's counsel served the same notice upon Butler. (Id. ¶ 7.)

On February 2, 2026, after considering Marc's petition and a declaration by Butler, the Superior Court appointed Marc as "Temporary Conservator of Julius Aarons" pending a permanent decision on the conservatorship. (Id., Ex. 6.) Two days later, Ashley and Julius removed the case to this Court, arguing that this Court has Civil Rights Jurisdiction to hear this matter pursuant to 28 U.S.C. § 1443(1). (See Notice of Removal, Dkt. No. 1 at 4.) Butler did not consent to removal on Julius's behalf—Julius himself signed the document. (See id. at 19; Opp'n at 29.) Removing Parties claim strong dissatisfaction with Butler's representation, and seek to represent themselves. (See, e.g., Opp'n at 14, 16, 24–25, 28.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong "presumption against removal jurisdiction means that 'the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:26-cv-00268-JVS-ADS                    Date    March 27, 2026

Title    Marc Aarons v. Ashley Aarons et al

defendant always has the burden of establishing that removal is proper.'" Id. (quoting Gaus, 980 F.2d at 566).

## III. DISCUSSION

### A.    Timeliness

Regardless of the statutory authority under which a defendant removes to federal court, the defendant must file the notice of removal within 30 days of receiving service of process.  See 28 U.S.C. § 1446(b)(2)(B).  In a sworn declaration, Marc's counsel states that his office served Julius and Ashley on December 8, 2025.  (Muscarella Decl. ¶ 11.)  He also served Butler on December 22, 2025, which Butler confirms that she received.  (Id. ¶ 12 & Ex. 3.)  Removing Parties did not file their Notice of Removal until February 4, 2026, more than 30 days after December 8.  (See Notice of Removal.)

In response, Removing Parties contend that they were *not* served on December 8: "Marc Aarons' for Remand states that Ashley and Julius Aarons were both served on December 8, 2025, but he offers no sworn testimony to that effect in any document.  This is false . . . ."  (Opp'n at 9.)  Instead, they appear to claim that they learned of the case on January 7, 2026, "from Ashley's Uncle and Julius' brother, Louis Aarons, in Chicago."  (Id. at 14.)  Consequently, they claim that removal was timely because they filed their Notice of Removal within 30 days of January 7, 2026.

The Court agrees with Marc.  Contrary to Removing Parties' claim, there *is* sworn testimony warranting that Ashley and Julius were served on December 8, 2025.  (See Muscarella Decl. ¶ 11.)  Thus, Removing Parties did not remove within 30 days of service, and the Notice of Removal was untimely.

### B.    Traditional Removal, Section 1441

Removing Parties appear to argue that one of their bases for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1441.  (See Opp'n at 1.)  To remove based on diversity jurisdiction, all plaintiffs must be citizens of different states than all defendants

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:26-cv-00268-JVS-ADS                     Date   March 27, 2026

Title       Marc Aarons v. Ashley Aarons et al

(complete diversity), and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a)–(b).  Removing Parties meet neither of these requirements.

With regard to complete diversity, Removing Parties argue that Marc is a resident of Nevada and they are residents of California, so the parties are citizens of different states.  (Opp'n at 2.)  However, as Temporary Conservator of Julius and his estate, Marc is considered a resident of Julius's domicile: California.  See 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.").  Thus, the parties are not diverse.

Moreover, Removing Parties state no amount in controversy in either their Notice of Removal or their First Amended Notice of Removal.  This means they do not satisfy this requirement, either.

Thus, the Court has no diversity jurisdiction over this matter.

*C.     Civil Rights Removal, Section 1443*

Removing Parties also argue that this Court has jurisdiction under 28 U.S.C. § 1443.  (Opp'n at 6–8.)  This statute holds that an action "may be removed by the defendant" if it is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States . . . ."  28 U.S.C. § 1443(1).  Remanding Parties contend that Section 1443 applies here for the following reason:

> [Ashley and Julius] HAVE BEEN AND WILL (IN ORANGE COUNTY PROBATE COURT) CONTINUE TO BE DENIED EQUAL PROTECTION OF THE LAWS, in whole or in part because of a state-wide program of involuntary appointments of public defenders without actual authority or permission, authorized under color of law (i.e. misapplication of the law) in the Probate Code which as applied or facially are designed and implemented to discriminate against elderly white (and in particular Jewish) men of a traditional ethical mindset, philosophy and religious orientation.

JS-6

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 8:26-cv-00268-JVS-ADS | Date | March 27, 2026 |
|---|---|---|---|

| Title | Marc Aarons v. Ashley Aarons et al |
|---|---|

(Id. at 6–7 (emphasis in original).)  The Court disagrees.

To remove under Section 1443(1), movants must "satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975).  First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'"  Id. (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966).  Relying on "constitutional or statutory provisions of general applicability" do not suffice.  Id.  Second, "it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State," which "normally requires that the 'denial be manifest in a formal expression of state law.'"  Id. (quoting Rachel, 384 U.S. at 799, 803).  At least one court in this Circuit has held that "[t]o demonstrate that removal is proper, courts require defendants to assert more than 'conclusory allegations.'"  U.S. Bank NA v. Solano, 2016 WL 3658681, at *3 (C.D. Cal. July 6, 2016).  Removing Parties do not meet either of these requirements.

First, Removing Parties appear to argue they are denied civil rights under 42 U.S.C. § 1983, 42 U.S.C. § 1988(a), and the Fourteenth Amendment of the U.S. Constitution.  (See Opp'n at 6.)  Each of these are "constitutional or statutory provisions of general applicability . . . ."  Johnson, 421 U.S. at 219.  Second, there is no reason to believe that California courts are unable or unwilling to enforce racial equality laws—the Court is certainly unaware of a "formal expression of state law" to that effect.  Id.  Third, Removing Parties' allegations of discrimination are conclusory: they do not explain how Orange County's appointment of public defenders intend to or actually do discriminate against white or Jewish individuals; Removing Parties merely state this as fact. (See Opp'n at 6–7.)  Finally, it bears mentioning that Removing Parties characterize Section 1443(1) as a statute that "is broadly framed and should be broadly applied," but courts have held precisely the opposite.  (Id. at 7.)  Indeed, this Circuit states that removal under this section "is both specific and extremely narrow."  Davis v. Superior Ct. of Cal., 464 F.2d 1272, 1273 (9th Cir. 1972).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:26-cv-00268-JVS-ADS                    Date    March 27, 2026

Title    Marc Aarons v. Ashley Aarons et al

There is no basis for civil rights jurisdiction here.[2]

D.    *Federal Question Jurisdiction and the Probate Exception*

Removing Parties advance constitutional arguments under 42 U.S.C. § 1983, raising the possibility of a federal question. (See Opp'n at 17–19.) Marc responds that these arguments are barred by the probate exception to federal jurisdiction. (Mot. at 7.) The Court agrees.

"The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court." Goncalves By & Through Goncalves v. Rady Children's Hosp. S.D., 865 F.3d 1237, 1251 (9th Cir. 2017) (citing Marshall v. Marshall, 547 U.S. 293 (2006)). However, "it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall, 547 U.S. at 312. Removing Parties contend that this is a civil rights claim seeking "in personam relief for constitutional violations rather than probate administration, placing them outside the probate exception's scope." (Opp'n at 15.) This is not correct. Although Removing Parties mention constitutional issues, they do not assert any independent claims for relief. (See generally Notice of Removal; Opp'n.) The only "relief" they seek from this Court is a denial of Marc's petition to be appointed conservator of Julius's person and estate—an

---

[2] Throughout both their Notice of Removal and Opposition, Removing Parties reference Federal Rule of Civil Procedure 11: "[W]e now move and request this court in good faith, within the meaning of Rule 11(b)(2), to extend, modify, or reverse existing law, or to establish new law, relating to and regarding the availability of Civil Rights Removal and or injunctions to prevent derogation of due process of law and equal protection in the California Superior Courts . . . ." (Opp'n at 12; Notice of Removal at 4.) To clarify, Rule 11 pertains to proper filings before a court; it is not an independent basis to move for a change in law. See Islamic Shura Council of S. Cal. v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) ("Rule 11 is intended to deter baseless filings in district court and imposes a duty of reasonable inquiry so that anything filed with the court is well grounded in fact, legally tenable, and not interposed for any improper purpose." (internal quotation marks omitted)). The Court is not considering the imposition of sanctions on Removing Parties. To the extent Removing Parties ask this Court to *change* the law that prevents it from exercising subject matter jurisdiction over this case, the Court cannot do that.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00268-JVS-ADS | Date | March 27, 2026 |
| Title | Marc Aarons v. Ashley Aarons et al | | |

*in rem* issue over which this Court lacks authority.  See Marshall, 527 U.S. at 296 ("When one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res.").  Indeed, the Ninth Circuit has previously found that challenges to a conservatorship proceeding on the basis of 42 U.S.C. § 1983 are not *in personam* actions:

> In form, the federal actions are in personam actions asserting claims under 42 U.S.C. § 1983 directed against certain state officials. However, [case law] instructs courts to look behind the form of the action to the gravamen of a complaint and the nature of the right sued on when determining the true jurisdictional nature of a case. Here, in both federal actions, the gravamen of the complaint is directed at ending the conservatorship's control over [] assets.

Applied Underwriters, Inc. v. Lara, 37 F.4th 579, 592 (9th Cir. 2002) (internal citations omitted) (finding proceedings over insurance conservatorship case were in rem).  The same applies here.  Removing Parties' claims of discrimination are directed at the Orange County Superior Court and its Public Defender, neither of which are parties to this case.  The only dispute to resolve is a conservatorship matter that is most appropriate for the probate court.

This case does not fall within the realm of claims that are "outside" probate matters but "otherwise within federal jurisdiction."  Marshall, 547 U.S. at 312. Accordingly, remand is appropriate on this ground, as well.

### E.    Conclusion

There is no basis under which the Court may exercise subject matter jurisdiction. It must remand this case.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion and **ORDERS** this case be remanded to Orange County Superior Court.

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.   8:26-cv-00268-JVS-ADS                    Date   March 27, 2026

Title      Marc Aarons v. Ashley Aarons et al

### IT IS SO ORDERED.

The Court further finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court **VACATES** the March 30, 2026 hearing.

A copy of this Order is sent via U.S. Mail to:

Ashley and Julius Aarons
2029 Baltra Place
Costa Mesa, CA 92626